# WILLIAM M. HUGHES
## v.
# WILLIAM G. LUMSDEN.

1. STATEMENT.—Appellee, as special commissioner, held notes belonging to Mrs. A. Upon the representation of her husband that he was acting as her agent, appellee delivered the notes, properly indorsed, to appellant, in part payment of land purchased of him by Mr. A. Afterwards Mr. A. repudiated the contract, and refused to accept a deed of the land, whereupon appellee demanded a return of the notes, and failing, brought trover for their conversion, against appellant.

2. AGENCY.—An instruction that if Mrs. A., through her agent, ordered appellee to turn over these notes in part payment of land sold to her husband, then such order and acceptance and delivery amounted to a receiving of the notes by Mrs. A., and appellee cannot maintain this action was proper, correctly states the law, and should have been given.

3. STATUTE OF FRAUDS.—An objection that the contract for sale of the lands not being in writing was void under the statute of frauds, cannot be raised by appellant, because he was not a party to the contract. He held the notes merely as the trustee of Mrs. A.

4. CONDITIONAL DELIVERY.—The promise by appellant to procure a receipt from Mrs. A. for the notes, and deliver the same to appellee, did not render the delivery conditional, so that a failure would authorize appellee to avoid the contract.

APPEAL from the Circuit Court of Morgan county; the Hon. E. P. KIRBY, Judge, presiding. Opinion, filed April 6, 1881.

Mr. W. P. CALLON, for appellant; that the indorsing and delivery of the notes to appellant invested him with the legal title, cited Edwards on Bills, 248; Beattie v. Brown, 64 Ill. 360; Peacock v. Rhodes, Dougl. 633.

A demand and refusal are no evidence of conversion unless at the time of the refusal the thing demanded was in the possession of the defendant: 11 Vt. 351; 1 Richardson, 65; 7 Wend. 354.

Mr. JAMES H. KELLOGG and Mr. H. G. WHITLOCK, for ap-

pellee; that the contract was void by the Statute of Frauds, cited Temple v. Johnson, 71 Ill. 13.

Upon a failure to execute the contract the parties could recover the money paid: Wheeler v. Mather, 56 Ill. 241; Bryson v. Crawford, 68 Ill. 362.

HIGBEE, J.  Appellee recovered a judgment against appellant in the court below in an action of trover, for the value of certain promissory notes, executed and delivered to him as a special commissioner, appointed by the Circuit Court of Morgan county, in payment for the interest of Mrs. Jane Ash, in a tract of land sold by him under a decree of said court.

After the sale the notes in question were indorsed by appellee, and by him tendered to Mrs. Ash, who expressed some dissatisfaction with the sale, and refused to receive them.

Subsequently her husband, Granville Ash, contracted with appellant to purchase from him a tract of land, and in part payment therefor, to give him the said notes belonging to his wife, then in the hands of appellee as such commissioner; and at the same time representing himself as the agent of his wife and as having authority to act for her, directed appellant to go to appellee, and get from him the said notes.

Appellant applied to appellee for said notes, and then and there truly represented to him all the facts aforesaid, and received from him the notes with his indorsement thereon, in part payment for said land.

A few days after the transfer of the notes, Ash repudiated the contract and refused to accept a deed from appellant for the land, whereupon appellee demanded the return of said notes, and failing to get them, brought this suit.

On the trial of the cause, the court refused to give to the jury the following instruction on behalf of appellant:

"That if the evidence shows that Lumsden held the notes made payable to himself as the distributive share of Mrs. Ash, which she at first refused to accept, and if the evidence further shows that Mrs. Ash afterwards, through her agent, ordered Lumsden to turn these notes over to Hughes (which he did) in part payment for lands sold by Hughes to Ash, then such or-

der and acceptance and delivery by Lumsden, he having in-dorsed them, amount to a receiving of the notes by Mrs. Ash, and Lumsden cannot maintain this action."

This instruction correctly states the law, and should have been given.

It is insisted by appellee, however, that it was properly re-fused because there was no evidence tending to show the au-thority of Ash to bind his wife in the sale of her notes.

Ash himself was called as a witness by appellant, and if we are to credit his evidence, which is not contradicted, there is not much room to question his authority.  He was living with his wife, and acting as her agent, whether with or without her authority, no one had better means of knowing, and he testi-fies that whatever he did in the matter was as agent for his wife, and as he understood, by her authority.

The question of his authority to act for his wife was for the jury to determine, and was properly submitted by the instruc-tion.

Again, appellee insists that appellant acquired no right to the notes, because the contract for the purchase of the land was not in writing, and therefore void under the Statute of Frauds.

Even if the contract was void for the reason assigned, the statute could only be interposed by the parties to the contract, and not by Lumsden, who had no interest in it.  So long as they were satisfied, it was not his business whether it was in writing or not.  He held the notes as trustee for Mrs. Ash, having no interest in them, and if he delivered them to Hughes in pay-ment for the land sold by him to Ash, by the direction of Mrs. Ash through her authorized agent, it was the same as if he had delivered them to her in person, and from that moment he ceased to have any interest, either general or special, in the notes, and no subsequent repudiation of the contract could re-invest him with title to the notes or any right to their posses-sion.

No doubt if Hughes should be unable to comply with his contract, or refuse to make a deed upon demand and tender of the balance of the purchase-money, the purchaser or his legal

representatives could recover back the purchase-money advanced, with interest.

The promise of appellant at the time he received the notes, to procure a receipt from Mrs. Ash and deliver the same to appellee, was exacted by appellee for his own protection, but did not render the delivery conditional, so that a failure would authorize appellee to avoid the contract and recover the notes back. He might have retained the notes until he got the receipt, or contracted for their return in case of failure to get it; but instead he parted with the notes, relying upon the promise of appellant that he would furnish the receipt at some future time.

The principal contract can be performed by the parties in interest independent of this promise, and hence it cannot be regarded as a condition, the breach of which will authorize the avoidance of the contract, but as a stipulation only, the breach of which gives an action to the injured party. 2 Parsons on Contracts, § 527.

The judgment is reversed and the cause remanded.

Reversed and remanded.

DAVIS, J., dissenting.